# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. DAVIS, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-00915-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE THIS ACTION (ECF Nos. 2, 3, 4.)<br><br>TWENTY-ONE DAY DEADLINE |

　　　Plaintiff Donald Brown is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June 17, 2013, but failed to pay the $400.00 filing fee or to submit an application to proceed in forma pauperis.  Plaintiff also failed to submit the Order Re Consent or Request for Reassignment.

　　　On June 18, 2013, the Court ordered Plaintiff to return the Order Re Consent or Request for Reassignment within thirty days.  (ECF No. 2.)  When Plaintiff failed to respond, the Court issued a second Order Re Consent or Request for Reassignment on August 5, 2013, which required Plaintiff to respond within thirty days.  More than thirty days have passed and Plaintiff has failed to respond.

　　　On July 15, 2013, the Court ordered Plaintiff to pay the $400.00 filing fee or to submit the application to proceed in forma pauperis within forty-five days of the date of service of the order.  (ECF No. 3.)  More than forty-five days have passed since service of the Court's order and Plaintiff

1  has not paid the filing fee or submitted an application to proceed in forma pauperis.  Based on
2  Plaintiff's multiple failures to comply with the Court's orders and his failure to prosecute this action, it
3  is recommended that this action be dismissed.

4        Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any
5  order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the
6  inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n
7  the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."
8  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with
9  prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to
10 comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for
11 noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal
12 for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service,
13 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

14       In determining whether to dismiss an action, the Court must consider several factors: (1) the
15 public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3)
16 the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
17 merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423
18 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

19       The Court finds that the public's interest in expeditiously resolving this litigation and the
20 Court's interest in managing the docket weigh in favor of dismissal as Plaintiff has made no attempt to
21 resolve the fee issue or to make contact with the Court since June 17, 2013.  The Court cannot hold
22 this case in abeyance indefinitely awaiting compliance by Plaintiff.  The third factor, risk of prejudice
23 to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the
24 occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524
25 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is
26 greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, the Court's warning
27 to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of
28 the alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-133; Henderson,

779 F.2d at 1424. The Court's order issued on July 15, 2013, expressly stated "Failure to comply with this order will result in dismissal of this action." (ECF No. 3.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with the Court's order.

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED without prejudice based on Plaintiff's failure to comply with the Court's order to pay the filing fee or to submit an application to proceed in forma pauperis and based on his failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 23, 2013**          /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE